**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th Floor                          (973) 645-2723
Newark, New Jersey 07102                          FAX (973) 297-2006

RECEIVED February 9, 2010

APR 1 5 2010

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Gino Josh Singer, Esq.
229 Broadway, Suite 1405
New York, New York 10007

    Re:  Plea Agreement with Akiva Aryeh Weiss  /10-262 (JAP)

Dear Mr. Singer:

    This letter sets forth the plea agreement between your client, Akiva Aryeh Weiss (a/k/a Arye Weiss), and the United States Attorney for the District of New Jersey ("this Office").

Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Akiva Aryeh Weiss to a one-count Information, which charges him with conducting, controlling, managing, supervising, and directing all and part of an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 1960 and Section 2.  If Akiva Aryeh Weiss enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Akiva Aryeh Weiss for engaging in or conspiring to conduct a money laundering and money transmitting scheme from in or about June 2007 to in or July 2009.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Akiva Aryeh Weiss agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Akiva Aryeh Weiss may be commenced against him, notwithstanding the expiration of the limitations period after Akiva Aryeh Weiss signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1960 to which Akiva Aryeh Weiss agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.  Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Akiva Aryeh Weiss is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Akiva Aryeh Weiss ultimately will receive.

Further, in addition to imposing any other penalty on Akiva Aryeh Weiss, the sentencing judge: (1) will order Akiva Aryeh Weiss to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Akiva Aryeh Weiss to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Akiva Aryeh Weiss, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) shall order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 18 U.S.C. § 3583, may require Akiva Aryeh Weiss to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed.  Should Akiva Aryeh Weiss be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Akiva Aryeh Weiss may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Forfeiture Provision

Akiva Aryeh Weiss agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 982, he will not contest the forfeiture to the United States of $157,757 in U.S. currency that was seized on or about July 23, 2009 from Akiva Aryeh Weiss's apartment at which he resided and worked.  It is agreed that Akiva Aryeh Weiss exercised dominion and control over the above-described property.  It is further agreed that such property was involved in a violation of 18 U.S.C. § 1960 or is traceable to such property and therefore subject to forfeiture. Akiva Aryeh Weiss further abandons any right, title or interest in and will not contest the judicial forfeiture of the above-described property, which has been administratively seized by the Federal Bureau of Investigation.

With respect to the assets in which Akiva Aryeh Weiss has agreed to forfeit his interest, Akiva Aryeh Weiss waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Akiva Aryeh Weiss by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Akiva Aryeh Weiss's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Akiva Aryeh Weiss agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a

particular fact or legal conclusion, each reserves the right to
argue the existence of and the effect of any such fact or
conclusion upon the sentence.  Moreover, this agreement to
stipulate on the part of this Office is based on the information
and evidence that this Office possesses as of the date of this
agreement.  Thus, if this Office obtains or receives additional
evidence or information prior to sentencing that it determines to
be credible and to be materially in conflict with any stipulation
in the attached Schedule A, this Office shall not be bound by any
such stipulation.  A determination that any stipulation is not
binding shall not release either this Office or Akiva Aryeh Weiss
from any other portion of this agreement, including any other
stipulation.  If the sentencing court rejects a stipulation, both
parties reserve the right to argue on appeal or at post-
sentencing proceedings that the sentencing court was within its
discretion and authority to do so.  These stipulations do not
restrict the Government's right to respond to questions from the
Court and to correct misinformation that has been provided to the
Court.

Waiver of Appeal and Post-Sentencing Rights

     As set forth in Schedule A, this Office and Akiva Aryeh
Weiss waive certain rights to file an appeal, collateral attack,
writ or motion after sentencing, including but not limited to an
appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

     This agreement is limited to the United States Attorney's
Office for the District of New Jersey and cannot bind other
federal, state, or local authorities.  However, this Office will
bring this agreement to the attention of other prosecuting
offices, if requested to do so.

     Except for the proceeding concerning the forfeiture of
$157,757 referred to above, this agreement was reached without
regard to any civil or administrative matters that may be pending
or commenced in the future against Akiva Aryeh Weiss.  This
agreement does not prohibit the United States, any agency thereof
(including the Internal Revenue Service) or any third party from
initiating or prosecuting any civil proceeding against Akiva
Aryeh Weiss.

No Other Promises

     This agreement constitutes the plea agreement between Akiva
Aryeh Weiss and this Office and supersedes any previous

- 4 -

agreements between them.  No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

                              Very truly yours,

                              PAUL J. FISHMAN
                              United States Attorney

                              *Maureen Nakly*

                    By:  Maureen Nakly
                         Assistant U.S. Attorney

APPROVED:


*James Nobile*
Chief, Special Prosecutions


        I have received this letter from my attorney, Gino Josh
Singer, Esq., I have read it and I understand it fully.  I hereby
accept the terms and conditions set forth in this letter and
acknowledge that it constitutes the plea agreement between the
parties.  I understand that no additional promises, agreements,
or conditions have been made or will be made unless set forth in
writing and signed by the parties.


AGREED AND ACCEPTED:


*Akiva Aryeh Weiss*                        Date: FEB/10/10
Akiva Aryeh Weiss


*Gino Josh Singer*                         Date: 9 Feb 2010
Gino Josh Singer, Esq.
Counsel for Akiva Aryeh Weiss

- 5 -

## Plea Agreement With Akiva Aryeh Weiss

### Schedule A

1.    This Office and Akiva Aryeh Weiss recognize that the United States Sentencing Guidelines are not binding upon the Court.  Except as set forth in paragraph 9 below, this Office and Akiva Aryeh Weiss nevertheless agree to the stipulations set forth herein.

2.    The version of the United States Sentencing Guidelines effective November 1, 2009 applies in this case.

3.    The base offense level is 6 pursuant to U.S.S.G. § 2S1.3(a)(2).

4.    The value of the transmitted funds was more than $200,000 but less than $400,000.  This results in an increase of 12 levels.  U.S.S.G. §§ 2S1.3(a)(2); 2B1.1(b)(1)(G).

5.    Akiva Aryeh Weiss was a minor participant in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.2(b).  This results in a decrease of 2 levels.

6.    As of the date of this letter, Akiva Aryeh Weiss has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Akiva Aryeh Weiss's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

7.    As of the date of this letter, Akiva Aryeh Weiss has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.  If Akiva Aryeh Weiss enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Akiva Aryeh Weiss's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Akiva Aryeh Weiss will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

- 6 -

8.   In accordance with the above, the parties agree that the total Guidelines offense level applicable to Akiva Aryeh Weiss is 13 (the "agreed total Guidelines offense level").

9.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.   However, Akiva Aryeh Weiss reserves his right to seek a downward variance from the agreed total Guidelines offense level pursuant to 18 U.S.C. § 3553(a).   The United States reserves the right to oppose any such request for variance.

10.   Akiva Aryeh Weiss knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13.   This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.